UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BIJAN ALMASSIAN, Ph.D.

    Plaintiffs

VS.                                           CIVIL ACTION NO.
                                              3:03 CV 648 MRK

CAROLYN R. KAHN, Ph.D.

    Defendant                                 JUNE 28, 2004

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### *REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT*

The undersigned defendant hereby files her reply to the plaintiff's brief in opposition to motion for summary judgment.

**A. Summary Judgment As To The Plaintiff's First Count Claiming Violation Of The Equal Protection Clause Of The Fourteenth Amendment.**

The plaintiff in his opposition memorandum sets forth his legal theory for recovery on the first count. The plaintiff inappropriately requests that the court analyze the first count by referring to a standard for employment discrimination actions. See, page 8 at plaintiff's brief in opposition. The plaintiff alleges and claims that he felt forced to resign his employment with AlexiPharma due to alleged comments made by the defendant. However, the subject litigation is not an employment discrimination action. The plaintiff is asserting that the defendant in her individual capacity as

1

being a director with Connecticut Innovations, violated the equal protection clause of the Fourteenth Amendment by way of certain comments and opinions she had over the business qualifications of the plaintiff. There is no employment relationship between the plaintiff and the defendant. In fact, it is the plaintiff who has alleged that his employer was seeking funding from Connecticut Innovations and the application for funding was being analyzed by the defendant as well as others at Connecticut Innovations.

The plaintiff sets forth the wrong legal standard for the court to utilize. However, even if that is the standard, the undersigned believes that the plaintiff has still failed to set forth an appropriate claim and the facts as we know them from the Rule 56 statements do not satisfy the elements of the case cited by the plaintiff, *Harper v. Metropolitan District Commission*, 134 F. Supp. 2d 479 (D. Conn. 2001). As the plaintiff sets forth, employment discrimination claims require that the defendant take an adverse employment action against the plaintiff. The plaintiff by way of his own admissions as well as the facts as alleged in the complaint cannot satisfy that element. In fact, the plaintiff has admitted that his employer requested that he not resign in the face of the comments allegedly made by the defendant. Accordingly, the plaintiff fails to make such a claim.

In addition, if the plaintiff is attempting to make some claim over how AlexiPharma's application for funding was handled by Connecticut Innovations, the plaintiff does not have the

appropriate standing to make a claim.

The undersigned upon initial review of the complaint and particularly the first count, believed that the plaintiff was attempting to assert an employment discrimination claim. Due to the fact that there was no employment relationship between the parties that thought was dismissed and the matter was treated as an equal protection claim outside of the employment context. However, upon seeing the opposition, it seems as if the plaintiff is attempting to assert an employment discrimination action in a matter where there was no employment relationship between the relevant parties. As stated above, the plaintiff fails to satisfy the elements of such a claim

Further, even if the plaintiff makes some form of a claim to assert rights of AlexiPharma, he has not alleged facts to support standing to make a claim on behalf of another entity.

**B.     The Plaintiff's Assertion That The Defendant Is Not Entitled To Immunity Under Connecticut General Statute §4-165 Is Incorrect.**

The plaintiff at page 11 of the brief in opposition claims that the defendant cannot take advantage of the immunity contained within the Connecticut General Statutes in that the defendant has not set forth sufficient facts that would allow the court to make that finding.

The defendant in the motion for summary judgment asserts that there is additional authority for the court to grant summary judgment as to the state law based claims in that same are barred by Connecticut General Statutes §4-165. The undersigned set forth the arguments and facts which support invocation of that statute. The Local Rule 56 Statement set forth the statutes which state

that Connecticut Innovations is a quasi-public agency of the State of Connecticut. See, Connecticut General Statutes §1-120(1) and §1-79(l). The defendant was the managing director of Bioscience at Connecticut Innovations as alleged by the plaintiff. Connecticut General Statutes §4-165 states: "no state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious caused in the discharge of his duties or within the scope of his employment." Section 1-79(m) sets forth that a state employee means "… any employee of a quasi-public agency." Accordingly, the plaintiff is a state employee in accordance with the statutes in that she is an employee of a quasi-public agency and therefore is entitled to immunity as to the state law claims. The plaintiff further claims that there was no allegation that the defendant was acting under coler of state law in the second, third and fourth counts. However, the plaintiff incorporated that specific allegation in each of the referenced counts.

**C.  The Plaintiff's Argument Relative To Tortious Interference Claim Is Incomplete**.

The plaintiff at pages 11 and 12 in his brief in opposition sets forth his basis to support the second count of his claim which alleges tortious interference with business relationship. The plaintiff does not set forth all of the elements that are required for such a cause of action. The defendant at page 13 of her brief sets forth the elements of that cause of action as same are found within the case of *Appleton v. Board of Education of Town of Stonington, et al*, 254 Conn. 205, 212-213 (2000). The plaintiff does not set forth all of the elements and seems to focus on what he

4

claims to be improper conduct. However, the plaintiff can point to no evidence of defendant's intent to interfere with the relationship, that the interference was tortious or a loss suffered by the plaintiff was caused by the defendant's tortious conduct. The plaintiff admits that the owners of the company remained loyal to him and did not want him to resign, and that it was the plaintiff's decision to resign. Further, the plaintiff seems to make the argument that funding was not provided to AlexiPharma until the plaintiff was removed from employment of that company. However, the affidavit of Carolyn Kahn at paragraph 26 indicates that Bijan Almassian was still involved with AlexiPharma as of December, 2002. As of December 23, 2002 Ms. Kahn provided an update to the investment advisory committee at Connecticut Innovations about AlexiPharma which included the statement that Bijan Almassian was working with the company and focusing on operations and development. Further, Connecticut Innovations provided the funding as requested by AlexiPharma in response to the update provided by Ms. Kahn on December 23, 2002.

All in all the plaintiff cannot demonstrate that there was any interference in the contractual business relationship between Bijan Almassian and AlexiPharma as a result of any comments or opinions Carolyn Kahn had of the business qualifications and experience of the plaintiff. In fact, the evidence is to the contrary, that there was no interference with that relationship in that AlexiPharma did not want Bijan Almassian to resign his employment.

D.  **The Initial Question Of Whether Conduct Was Extreme And Outrageous So As To Afford A Claim Of Intentional Infliction Of Emotional Distress Is First For The Court's Determination.**

The plaintiff at page 12 in his brief claims that this is an issue for the jury. However, the case law is very clear that the question is initially one of law for the court. See, *Appleton v. Board of Education of the Town of Stonington, et al*, 254 Conn. 205, 210 (2000).

E.  **The Court Should Grant Summary Judgment As To The Fourth Count Claiming Negligent Infliction Of Emotional Distress.**

The plaintiff at pages 16 and 17 of his opposition claims that the entire argument made by the defendant as to the fourth count is the inappropriate proposition that negligent infliction of emotional distress requires extreme and outrageous conduct. While the defendant does recognize that there is a difference of opinion on this issue, there are other bases upon which the defendant asserts that the plaintiff's claim of the negligence infliction of emotional distress is insufficient and not supported by the facts.

First, the defendant claims that immunity bars such a claim and reasserts that argument in support of her motion for summary judgment on the fourth count. In addition, the defendant asserted that the conduct alleged by the plaintiff does not give rise to a claim of negligent infliction of emotional distress and referred to the relevant caselaw that the court should be reluctant to recognize that tort of negligent infliction of emotional distress.

Lastly, it appears that the plaintiff is characterizing his claim as an employment

discrimination claim. If that is the plaintiff's theory, the defendant also asserted that conduct during ongoing employment relations cannot support a claim for negligent infliction of emotional distress. The conduct was alleged by the plaintiff to have occurred during his employment relationship. Although the defendant recognizes and has pointed out that there was no employment relationship between the plaintiff and the defendant, it is the plaintiff's theory to analyze the claim in the context of an employment relationship. That analysis warrants a finding against the plaintiff. Accordingly, the allegations of the plaintiff and the facts asserted as set forth do not warrant a finding in favor of the plaintiff on the negligent infliction of emotional distress count.

                THE DEFENDANT

By:_____
    Kevin S. Coyne
    Coyne, von Kuhn, Brady & Fries, LLC
    999 Oronoque Lane
    Stratford, CT 06614
    Telephone - (203) 378-7100
    Fax – (203) 378-7711
    #ct11937

## *CERTIFICATION*

This is to certify that a copy of the foregoing has been sent, via U.S. mail, postage prepaid, this 28th day of June, 2004, to:

John R. Williams, Esquire
51 Elm Street
New Haven, CT 06510

                                                 _____
                                                 Kevin S. Coyne
                                                 Coyne, von Kuhn, Brady & Fries, LLC
                                                 999 Oronoque Lane
                                                 Stratford, CT 06614
                                                 Telephone - (203) 378-7100
                                                 Fax – (203) 378-7711
                                                 #ct11937